IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALONZO ALVIN SEAY, | § | |
| TDCJ #1223361, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2315 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Alonzo Alvin Seay, is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Seay has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction. (Doc. # 1). Seay has also submitted an amended version of his claims. (Doc. # 5). The respondent has answered with a motion for summary judgment, arguing that Seay is not entitled to relief. (Doc. # 7). Seay has not filed a response and his time to do so has expired. After considering all of the pleadings, the records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

## I.     BACKGROUND

A state grand jury returned an indictment against Seay in cause number 960426, charging him with possession with intent to deliver a controlled substance, namely, cocaine. He was also charged in a separate indictment in cause number 960427 with evading arrest

after he led police on a high-speed chase through Houston.   The State enhanced the indictment in cause number 960426 for purposes of punishment with allegations that Seay had at least two prior felony convictions.   On March 3, 2004, a jury in the 262nd District Court of Harris County, Texas, found Seay guilty as charged in cause number 960426 of possession with intent to deliver cocaine.   During the punishment phase of the trial, the State introduced evidence showing that Seay had a lengthy criminal record and that, while out on bond awaiting trial in cause number 960426, he was arrested and charged with cocaine possession and evading the police again (cause numbers 973924, 973925).   After hearing all of the evidence, the jury found that the enhancement allegations were true and sentenced Seay to life imprisonment.

On direct appeal, Seay complained that the trial court erred by excluding certain evidence (a spent bullet that was recovered from the trunk of his car) as irrelevant.   The intermediate court of appeals rejected Seay's arguments and affirmed the conviction after making the following findings of fact based on the evidence at trial:

## BACKGROUND

Houston Police Officer B.J. Banks testified that, at about 11:20 p.m. on September 2, 2003, he responded to a dispatcher's call regarding a disturbance nearby, saying that shots had been fired. When he arrived at the location, he found a small group of people who were upset and afraid. One of them said that the suspect had just driven away in a gold Pontiac. Banks had just passed a car meeting that description. He turned around to follow the car, and, as he got close to it, he turned on his lights and siren. The Pontiac then accelerated from approximately 40 miles per hour to 70 or 80 miles per hour. Banks continued to follow the Pontiac with his lights and siren on. The Pontiac continued down the street at a high speed, went through an intersection against a red light, and entered the Eastex Freeway, where its speed increased to 80 or

90 miles per hour, weaving in and out of traffic.  After approximately two miles, the Pontiac exited the freeway at Jensen Drive, hit the median strip, and blew out both front tires. The resulting cloud of dust obscured Banks's vision, and he also hit the median and blew out his front tires.  [Seay] got out of the Pontiac and ran under the freeway to a convenience store on the other side. Banks followed him, caught up with him inside the store, and handcuffed him.

After more officers arrived, Banks searched [Seay] and found two baggies that contained crack cocaine and $2,622 in 20- and 100-dollar bills. Banks also searched the Pontiac and found an electronic scale with a white powdery substance on it and a box of .25 caliber automatic ammunition. Banks noted that there were two bullet holes in the passenger side of the Pontiac — one on the rear door and one on the front fender near the windshield.[1]

* * * *

[Seay] testified to the following on his own behalf.  He was driving away from his boss's house when a truck drove toward his car.  He had to stop to avoid a head-on collision.  He did not know the three occupants of the truck. Another car came up behind him, and three men whom [Seay] knew got out of that car.  [Seay] knew he was being set up because he had had trouble with one of the men about one month before this incident.  One of the men hit [Seay] in the jaw, and [Seay] lost consciousness.   When he regained consciousness, the men were standing around him, displaying weapons and telling him never to come to that neighborhood again.  [Seay] drove away as the men chased him and shot at his car.  When he stopped at a red light, he looked in his rearview mirror and saw bright lights and sped off.  He did not know the lights were red and blue.  He thought he was being pursued, but did not realize it was by the police.  He heard some noise, but did not realize it was a police-car siren.  He saw the convenience store and decided to go there because he knew there would be people there. He did not know that he had cocaine in his pockets and did not know where it came from.  The money in his pockets belonged to his mother.

Vanessa Harrison, an acquaintance of appellant, testified that she saw [Seay's] car with the other vehicles near it. She saw three men jump [Seay] and hit him.  She saw [Seay] fall back, and it looked like the other men were

---

[1]    It appears that Banks did not see a bullet hole in the trunk of the car, because that bullet hole was not included in Banks's offense report.

putting something in his pocket, taking it out, and putting it back in. She heard them tell [Seay] to get out of the neighborhood and saw [Seay] speed off. She also heard gunshots around the corner. Harrison admitted that she could not be 100% sure of what the men were doing to [Seay]. At the time of her testimony, Harrison was serving a sentence in state jail for felony theft.

*Seay v. State*, No. 01-04-00197-CR (Tex. App. — Houston [1st Dist.] March 17, 2005) (footnote in original). Seay did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

Seay challenged his conviction further by filing a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure. In that application, Seay argued the trial court committed error by giving improper instructions during voir dire. Seay argued further that he was denied effective assistance of counsel at trial and on appeal. The state habeas corpus court, which also presided over the trial, entered findings of fact and concluded that Seay was not entitled to relief. The Texas Court of Criminal Appeals agreed and denied relief based on findings and conclusions of law made by the trial court. *See Ex parte Seay*, No. 63,680-01 (Tex. Crim. App. June 27, 2007).

Seay now seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court conviction. Liberally construed, Seay raises claims that are similar, but not identical, to those that were rejected on state habeas corpus review.[2] The respondent has

---

[2]     Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). As discussed further below, Seay's claim that he received ineffective assistance of counsel on appeal differs significantly from the one that he presented on state habeas corpus review.

4

filed a motion for summary judgment, arguing that Seay is not entitled to relief on any of his claims under the governing federal habeas corpus standard of review set forth below.

## II.     STANDARD OF REVIEW

Federal review of the pending habeas corpus petition is subject to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding that the AEDPA applies to those habeas corpus petitions filed after its effective date of April 24, 1996).  Embodying the principles of federalism, comity, and finality of judgments, the AEDPA "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 532 U.S. 1067 (2001). Specifically, the federal habeas corpus statutes amended by the AEDPA, codified at 28 U.S.C. § 2254(d), set forth a "highly deferential standard for evaluating state-court rulings, . . . , which demands that state court decisions be given the benefit of the doubt."  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted).

The federal habeas corpus statutes require applicants for relief to first present their claims in state court and to exhaust all state court remedies through proper adjudication.  *See* 28 U.S.C. § 2254(b).  To the extent that the petitioner's claims were adjudicated on the merits in state court, the AEDPA standard applies.  If a claim has not been adjudicated on the merits in state court, federal review is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Amos v. Scott*, 61

F.3d 333, 338 (5th Cir.), *cert. denied*, 516 U.S. 1005 (1995).  The procedural default rule also prevents habeas review when a petitioner has failed to meet state procedural requirements for presenting his federal claims, thereby depriving the state courts of an opportunity to address those claims in the first instance.  *See Coleman*, 501 U.S. at 730; *Rosales v. Dretke*, 444 F.3d 703, 707 (5th Cir. 2006) (noting that the procedural default rule prevents habeas petitions from avoiding the exhaustion requirement by defaulting their federal claims in state court).

For claims adjudicated on the merits, the AEDPA provides that a petitioner is not entitled to relief unless the state court's ultimate decision:

> (1)   was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)   was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2);  *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (observing that the AEDPA standard is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning") (citation omitted), *cert. denied*, 535 U.S. 982 (2002). The burden is on the petitioner to show that he is entitled to relief under the highly deferential AEDPA framework.  *See DiLosa v. Cain*, 279 F.3d 259, 262 (5th Cir. 2002).

Claims presenting pure questions of law and mixed questions of law and fact are governed by § 2254(d)(1).  *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*,

534 U.S. 885 (2001). The Supreme Court has clarified that "clearly established Federal law"

or precedent for purposes of § 2254(d)(1) "refers to the holdings, as opposed to the dicta,"

of decisions from the United States Supreme Court "as of the time of the relevant state-court

decision." *Carey v. Musladin*, — U.S. —, —, 127 S. Ct. 649, 653 (2006) (quoting *Williams

v. Taylor*, 529 U.S. 362, 412 (2000)). A state court decision is "contrary to" clearly

established precedent if the state court arrives at a conclusion opposite to one reached by the

Supreme Court on a question of law or if the state court decides a case differently from the

Supreme Court "on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13.

A state court decision is an "unreasonable application" of clearly established precedent if the

state court identifies the correct governing legal principle from the Supreme Court's

decisions but unreasonably applies that principle to the facts of the petitioner's case. *Id.*

Pure questions of fact are governed by § 2254(d)(2). *See Martin*, 246 F.3d at 475.

In addition, a state court's factual findings are entitled to deference on federal habeas corpus

review and are presumed correct under 28 U.S.C. § 2254(e)(1), unless the petitioner rebuts

those findings with "clear and convincing evidence." *Garcia v. Quarterman*, 454 F.3d 441,

444 (5th Cir. 2006) (citing *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005) and 28

U.S.C. § 2254(e)(1)). This deference extends not only to express findings of fact, but to the

implicit findings of the state court. *Garcia*, 454 F.3d at 444-45 (citing *Summers v. Dretke*,

431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004)).

Seay has submitted an amended version of his petition, providing additional details

in support of his claims. (Doc. # 5). The Court notes, however, that Seay does not reference

any authority in his pleadings and he has not provided a memorandum of law.  Likewise, Seay has not filed a reply to the respondent's motion for summary judgment.  Instead, Seay has simply submitted a hand-written copy of the respondent's motion.  (Doc. # 8).  Seay makes no effort to show that he is entitled to relief under the governing federal habeas corpus standard of review.  Although he fails to meet his burden, the Court examines Seay's claims for relief below, beginning with his contention that the trial court committed error during voir dire.

## III.   DISCUSSION

### A.   Trial Court Error

Seay complains that he is entitled to a federal writ of habeas corpus because the trial court gave prejudicial instructions on two occasions during voir dire.   The first occasion concerns the trial court's instruction about the elements of the offense charged and his description about the issue of intent to deliver or distribute a controlled substance:

> Very well.  All right.  The type of case we're here to try is possession of a controlled substance with intent to deliver a controlled substance.  What does that mean?  Just generally, it means that the State is charging that this defendant possessed a drug and he intended to sell it.  They can prove that in several ways, but they have got to prove it to your satisfaction beyond a reasonable doubt that he possessed drugs with intent to distribute it.  *Ways to do that, expert can testify that the drugs are packaged in a certain way for distribution rather than somebody who just had the drugs for personal use.  It would be packaged a different way.  Amount, quantity.*

Court Reporter's Record, vol. 2, Voir Dire, at 19-20 (emphasis added by petitioner).  Seay complains that this comment unfairly simplified the State's case, thereby lessening the State's burden of proof.

8

Seay also objects to the following instruction given by the trial court about the potential range of punishment applicable to the case:

> The law says that if a person delivers more than 4 grams and less than 200 grams of certain named drugs, of which cocaine is one, that the range of punishment is 5 years to 99 years or life.  Okay?  And up to a $10,000 fine. You've got to be able to consider the range of punishment.
>
> What does that mean?  That means you have got to wait and see what the facts are before you decide what's just in this case.  *Somebody that's 17 years old, never been in trouble, for example, Eagle Scout, delivers 4 grams, a little over 4 grams of cocaine because somebody is sick or because he's hungry, that's one thing, and maybe that would be something in the lower [range]. Somebody delivers just under 200 grams because they are just greedy or making money that way and they don't care that it causes problems in their community or anything else, well, that's something else.  And there are a million instances in between.*

Court Reporter's Record, vol. 2, Voir Dire, at 30 (emphasis added by petitioner).  Seay, who received a life sentence, argues that this comment unfairly influenced the jury to sentence him at the highest range of punishment.

The respondent argues that Seay's claim concerning the trial court's instructions is barred from federal habeas corpus review because the last state court to consider this claim rejected it for procedural reasons.  Alternatively, the respondent argues that this claim is without merit because Seay fails to show that the trial court's instructions were inaccurate or improper.  The respondent's contentions are addressed separately below, beginning with the doctrine of procedural default.

### 1.      Procedural Default

The record shows that Seay did not complain about the trial court's instructions on direct appeal.  Although he presented this claim in his state habeas corpus application, the reviewing court denied review for procedural reasons.  The state habeas corpus court found that error was not preserved with a contemporaneous objection.  *See Ex parte Seay*, No. 63,680-01 Supp. Rec. vol. 2, at 23 (citing *Ex parte Harris*, 618 S.W.2d 369, 371 (Tex. Crim. App. 1981)).  Likewise, the habeas corpus court found that the claim was barred because it should have been, but was not, raised on direct appeal. *See id*. (citing *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1998)).  Seay's failure to raise his claim in a procedurally proper manner deprived the state court of the opportunity to review his allegations, resulting in a procedural default.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989);  *see Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998).  Because the last state court to consider his claim expressly and unambiguously based its denial of relief on a state procedural default, Seay's claim concerning the trial court's comments is barred from federal review unless a exception applies. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999).

Where a state prisoner has committed a procedural default, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.  "This doctrine ensures that federal courts give proper respect to state procedural rules."  *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997),  *cert. denied*, 523 U.S. 1125

(1998); *see also Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (explaining that the cause and prejudice standard is "grounded in concerns of comity and federalism"); *Coleman*, 501 U.S. at 750 (recognizing "the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them").

Seay does not demonstrate that the fundamental-miscarriage-of-justice exception applies in this case.[3]  Accordingly, federal habeas corpus review of the merits of his defaulted claim depends on whether he can demonstrate cause and actual prejudice for his failure to present his claims properly at the state court level.  The Supreme Court has explained that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Coleman*, 501 U.S. at 753 (citing *Murray v.*

---

[3]    A fundamental miscarriage of justice may be found if the petitioner can show that he is actually innocent of the crime of which he was convicted. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). A petitioner who claims that he is actually innocent of the underlying crime must show that, based on reliable evidence not presented at trial by reason of a constitutional violation, it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *See House v. Bell*, — U.S. —, 126 S. Ct. 2064, 2076-77 (2006); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Although Seay asserted that he was innocent at trial, and that the cocaine was planted on him by unknown assailants, the jury did not believe him.  Seay's defense was discredited further by evidence admitted during the punishment phase which showed that he was arrested while he was out on bond awaiting trial in cause number 960426 and charged with another offense of cocaine possession in cause number 973924.  Seay did not challenge the sufficiency of the evidence to support his conviction on direct appeal and he did not attempt to raise a claim of actual innocence on state habeas corpus review.  Likewise, Seay does not present a stand-alone claim of actual innocence on federal habeas corpus review and he does not otherwise assert innocence as a gateway to overcome a procedural default.

*Carrier*, 477 U.S. 478, 488 (1986)).  "Examples of external impediments include active government interference or the reasonable unavailability of the factual or legal basis for the claim."  *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir.), *cert. denied*, 520 U.S. 1267 (1997).  Actual prejudice requires a showing that, based on the success of the underlying defaulted claim, the result of the proceeding would somehow have been different.  *See Barrientes v. Johnson*, 221 F.3d 741, 769 (5th Cir. 2000), *cert. dism'd*, 531 U.S. 1134 (2001) (citing *Strickler v. Green*, 527 U.S. 263, 119 S. Ct. 1936, 1952 (1999)).

Seay, who has not filed a response to the summary judgment motion, does not attempt to show cause for his default in this instance.[4]  Even assuming that Seay could show cause for his default, the Court has considered the defaulted claim and finds that it is without merit for reasons discussed briefly below.  Because Seay fails to demonstrate that his defaulted claim has merit, he further fails to establish that he will suffer actual prejudice as the result of his procedural default.  Absent a showing of cause and actual prejudice, Seay's claim concerning the trial court's comments is barred from federal review.  Therefore, the respondent is entitled to summary judgment on this issue.

---

[4]  The Court notes that Seay includes a claim that he received ineffective assistance of counsel at trial because his attorney failed to object to the trial court's instructions during voir dire. Ineffective assistance of counsel may, in some circumstances, constitute cause for a procedural default.  *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).  For reasons discussed in more detail below, Seay fails to establish a valid claim for ineffective assistance of counsel on this issue.  Accordingly, Seay's allegations of ineffective-assistance do not constitute cause in this instance.

### 2.      This Claim is Without Merit

As outlined above, Seay objects to instructions given by the trial court during voir dire about the elements of the offense and the applicable range of punishment.  Seay does not show that the trial court's explanation of the law was incorrect or that the instructions somehow shifted the State's burden of proof.  Seay further fails to establish that, by outlining the range of imprisonment, the trial court implied that he deserved a life sentence.

From this record, Seay does not demonstrate that any of the trial court's instructions during voir dire were erroneous or that the comments resulted in unfair prejudice once the jury began its deliberation.  In that respect, Seay does not dispute that the petit jury which presided over his trial received accurate instructions before beginning their deliberation.  As the Supreme Court has observed, comments by the trial court and counsel during voir dire are "surely a distant and convoluted memory" by the time jurors begin to deliberate.  *Penry v. Johnson*, 532 U.S. 782, 802 (2001).  Seay does not allege any facts showing that the jurors were unfairly influenced by the instructions or that they convicted him based on proof that was insufficient to meet the reasonable-doubt standard required by the Due Process Clause.  *See In re Winship*, 397 U.S. 358, 364 (1970).  Because Seay does not demonstrate that the trial court erred or abused its discretion with respect to the instructions given during voir dire, his claim is without merit and he is not entitled to a writ of habeas corpus on this issue.

### B.      Ineffective Assistance of Counsel at Trial

Seay contends that he is entitled to relief because he was denied effective assistance of counsel at trial.  In particular, Seay contends that his attorney was deficient because he did

not object to the above-referenced statements by the trial court during voir dire. The state habeas corpus court, which presided over Seay's trial and sentencing, rejected this claim for lack of merit. *See Ex parte Seay*, No. 63,680-01 Supp. Rec. vol. 2, at 23. In particular, after considering an affidavit from Seay's trial attorney, the state habeas corpus court found that counsel made a tactical decision not to object to the trial court's comments because "he did not believe that they were inaccurate or improper[.]" *Id.* The state court concluded therefore that Seay failed to show that he was denied effective representation of counsel at his trial. *Id.*

Presumably, Seay contends that the state court's decision to reject his claim was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), which establishes the test for ineffective assistance of counsel. To prevail on an ineffective-assistance claim, Seay must establish both elements of the *Strickland* test by showing that (1) counsel's representation was deficient, such that it "fell below an objective standard of reasonableness," and (2) that the deficient representation caused prejudice, which requires a showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688; *see also Williams v. Taylor*, 529 U.S. 362, 390-91 (2002) (reciting the two-prong *Strickland* test). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Strickland*, 466 U.S. at 687.

To establish deficient performance under the *Strickland* standard, the petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Riley v. Dretke*, 362 F.3d 302, 305 (5th Cir. 2004) (quoting *Strickland*, 466 U.S. at 689), *cert. denied*, 543 U.S. 1056 (2005).

Even if defense counsel committed an error, a petitioner must still demonstrate actual prejudice as a result of his counsel's deficient performance.  Performance is prejudicial only if, but for counsel's errors, there is a reasonable probability that the final result would have been different and confidence in the reliability of the verdict has been undermined. *See Leal*, 428 F.3d at 548 (citing *Little v. Johnson*, 162 F.3d 855, 860-61 (5th Cir. 1998)). A "reasonable probability" in this context is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Seay contends that his counsel was deficient for failing to object to prejudicial instructions given by the trial court during voir dire regarding the elements of the charged offense and the applicable range of punishment.  The instructions at issue are set forth above. In an affidavit provided to the state habeas corpus court, Seay's defense counsel explained that he did not object to the trial court's instructions because he did not believe that they were

improper or that they constituted an inaccurate statement of the law regarding the intent-to-deliver element and the applicable range of punishment:

1.   Intent to deliver - I did not object to these statements made by the trial court because I did not believe that these statements were inaccurate or improper. In fact, I believed that these statements were a correct statement of the law concerning the offense of possession with intent to deliver a controlled substance. Undoubtedly, the jury would have to determine whether Mr. Seay had the "intent to deliver" the controlled substances based on the evidence presented in trial.

2.   Determining Punishment - Again, I did not object to these statements because I believed that they were accurate based upon the law concerning the jury's considerations in determining the proper punishment in the appropriate circumstance.

*Ex parte Seay*, No. 63,680-01 Supp. Rec. vol. 2, at 20 (affidavit of Felix Cantu). The state habeas corpus court, which also presided over the trial, found that counsel's affidavit was "credible" and that the facts alleged therein were "true." *See Ex parte Seay*, No. 63,680-01 Supp. Rec. vol. 2, at 23. Seay does not meet his burden to overcome these findings with clear and convincing evidence and, therefore, the state court's fact findings are entitled to the presumption of correctness found at 28 U.S.C. § 2254(e)(1).

For reasons discussed previously, Seay has failed to show that the trial court's instructions were erroneous. Seay likewise fails to establish that his attorney was deficient for failing to object. Absent a showing that his counsel failed to raise a meritorious objection and that the outcome would have been different, Seay fails to demonstrate deficient performance or actual prejudice. *See Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006)

16

(holding that counsel was not deficient in failing to present a meritless argument) (citation omitted); *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."); *Lavernia v. Lynaugh*, 845 F.2d 493, 499 (5th Cir. 1988) ("Counsel cannot be faulted for failing to pursue meritless motions.") (citations omitted); *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984) ("Counsel is not required to engage in the filing of futile motions.").  It follows that Seay fails to establish a claim for ineffective assistance of counsel in connection with his attorney's alleged failure to object to the trial court's statements during voir dire.  He further fails to show that the state court's decision to reject this claim was contrary to or involved an unreasonable application of clearly established Supreme Court precedent. Accordingly, Seay is not entitled to relief on this issue.

## C.    Ineffective Assistance of Counsel on Appeal

Seay contends that he is entitled to relief because he was denied effective assistance of counsel on appeal.  In particular, Seay contends that his appellate counsel was deficient for failing to raise a hearsay violation on appeal.  The respondent notes that Seay did not present this precise claim on state habeas corpus review.[5]  Because the claim that Seay

---

[5]     On state habeas corpus review, Seay complained that his appellate counsel was deficient because he did not raise a violation of the Confrontation Clause on appeal. Seay complained about certain testimony given by Officer Banks, which allegedly contained a hearsay statement made by witnesses at the scene of the disturbance.  The state habeas corpus court rejected this claim, finding that Seay was not denied effective assistance of counsel on appeal. *See Ex parte Seay*, No. 63,680-01 Supp. Rec. vol. 2, at 23.  In particular, the state habeas corpus court found that appellate counsel was not ineffective for failing to raise a Confrontation Clause claim because "the only trial objection lodged to the disputed evidence
(continued...)

17

attempts to raise is unexhausted, Seay's allegation that he received ineffective-assistance on appeal is procedurally barred from federal habeas corpus review.  *See Jones v. Jones*, 163 F.3d 285, 296-98 (5th Cir. 1998) (recognizing that, where multiple claims are made, discrete allegations of ineffective-assistance must be exhausted or else they are procedurally barred), *cert. denied*, 528 U.S. 895 (1999).  Alternatively, the claim is without merit because Seay fails to show that he is entitled to relief.

The Fourteenth Amendment to the United States Constitution guarantees a criminal appellant the right to counsel in his first appeal of right.  *See Evitts v. Lucey*, 469 U.S. 387 (1985); *Douglas v. California*, 372 U.S. 353 (1963).  The right to counsel, where present, also entails "the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).  "'Persons convicted of a crime are entitled to receive effective assistance of counsel in their first appeal of right,' but counsel is not required to raise every nonfrivolous issue."  *Givens v. Cockrell*, 265 F.3d 306, 310 (5th Cir. 2001) (quotation omitted).  The right to counsel on appeal "does not include the right to bring a frivolous

---

[5](...continued)

was on hearsay grounds, which does not preserve any constitutional error related to the denial of confrontation and cross-examination of witnesses." *Id.* (citing *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005)).  Seay, who concedes that his trial attorney did not object under the Confrontation Clause, makes no effort to show that the state court's decision to reject his claim was unreasonable.  In that regard, Seay does not demonstrate that a hearsay objection was sufficient to preserve error for appeal of a Confrontation Clause violation.  Likewise, Seay does not establish that he was denied the right to confront or cross-examine bystanders at the scene of the disturbance or that the testimony given by Officer Banks was admitted in violation of the Confrontation Clause.  Accordingly, Seay fails to show that he received ineffective assistance of counsel at trial or on appeal with respect to this issue and he does not demonstrate that he is otherwise entitled to relief.

appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal." *Smith v. Robbins*, 528 U.S. 259, 278 (2000).

A habeas corpus petitioner who claims that he was denied the right to effective assistance of counsel on appeal must satisfy the above-referenced *Strickland* standard by showing that his counsel's performance was deficient, and that counsel's deficient performance resulted in actual prejudice. *See Amador v. Quarterman*, 458 F.3d 397, 410 (5th Cir. 2006), *cert. denied*, — U.S. —, 127 S. Ct. 2129 (2007). Because there is no right to appellate counsel in the absence of a nonfrivolous issue for appeal, a petitioner challenging the effectiveness of his appellate attorney must demonstrate deficient performance by showing that his counsel "was objectively unreasonable in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover non-frivolous issues and raise them." *Robbins*, 528 U.S. at 285. If the petitioner succeeds in such a showing, then he must establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." *Id.*

In this instance, Seay contends that testimony given by the arresting officer, Officer B.J. Banks, was inadmissible hearsay. During direct examination, Officer Banks stated that responded to a police dispatch about a disturbance on the night in question. When he arrived, Officer Banks reportedly encountered a "small group of people" who told him that the suspect had just left the scene in a gold Pontiac:

> STATE:    After you arrived and met with the small group of people, did you
>           speak with any one person or —

BANKS:      There was one individual in the group that said the suspect had just left the location.

STATE:      Okay.  Could you describe that person's demeanor?

BANKS:      They were excited, very excited.

STATE:      Did they seem upset?

BANKS:      Upset, afraid.  They were eager for me to find that person

STATE:      Did you get out of the vehicle?

BANKS:      No, I didn't.

STATE:      All right.  So what exactly did the person tell you?

BANKS:      They said, the suspect just passed you up on the way out.

Court Reporter's Record, vol. 3, Trial, at 15. Seay's trial attorney objected to "any hearsay statements" about what the officer was told at the scene.  *See id*.  The trial court overruled the objection.  *See id*. at 16.  Then, Officer Banks added that witnesses told him the suspect had just left the scene in a gold Pontiac:

STATE:      Would you say that again? I'm sorry.

BANKS:      They said, the suspect passed you up on the way out.

STATE:      Did you get a description of what you were supposed to be looking for?

BANKS:      They said it was a [g]old Pontiac.

*Id*. at 16.  After giving this testimony, Officer Banks described how Seay proceeded to lead him on a high-speed chase.  Officer Banks testified further that he was eventually able to

apprehend Seay, who was found in possession of cocaine and other items associated with the drug trade.

Seay contends that the information imparted to Officer Banks at the scene was hearsay and therefore inadmissible. Seay complains, therefore, that his appellate attorney should have raised an issue on direct appeal to challenge the trial court's decision to allow testimony about what Officer Banks was told at the scene. The respondent points out that the statements at issue, in which witnesses reported to Officer Banks that the suspect had just left the scene in a gold Pontiac, were admissible in this instance to establish that Officer Banks had probable cause to pursue Seay as a suspect and to effect his arrest. *See, e.g., Hennessy v. State*, 660 S.W.2d 87, 91 (Tex. Crim. App. 1983) (stating that probable cause may be established by hearsay as long as the information is credible). Alternatively, because the witnesses at the scene were reportedly excited, upset, and afraid, the respondent notes further that the disputed testimony about Seay's immediate flight from the area was also admissible as an excited utterance under an exception to the prohibition against hearsay. *See* TEX. R. EVID. 803(2). Thus, even if appellate counsel was deficient for failing to raise a hearsay argument on appeal, Seay fails to show that he would have prevailed or that the result of his proceeding would have been any different.

Based on this record, the Court concludes that Seay fails to show that his counsel was deficient for failing to raise a claim on direct appeal. Likewise, absent a showing that the result of the appeal would have been different but for his counsel's deficient performance, Seay does not demonstrate the requisite actual prejudice. Accordingly, Seay has not

established a valid claim for ineffective assistance of counsel on appeal.  Because none of the grounds for relief presented by Seay are valid, the respondent is entitled to summary judgment and the federal habeas corpus petition must be dismissed.

## IV.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"

*Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For all of the reasons discussed above, the court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner stated a valid claim of the denial of a constitutional right.  Therefore, a certificate of appealability will not issue.

## V.   CONCLUSION AND ORDER

Based on the foregoing, the court **ORDERS** as follows:

1.     The respondent's motion for summary judgment (Doc. # 7) is **GRANTED**.

2.     The petition for a writ of habeas corpus (Doc. # 1) is **DENIED**, and this case is **DISMISSED** with prejudice.

_____
Nancy F. Atlas
United States District Judge

3.     A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on February 12th, 2008.

23